HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

### CHESTER DOWNER *v.* RUSSELL BACK AND OTHERS.

*Authorized Officers. Their returns, &c.*

The return of an authorized officer has the same force and effect, as is given to the return of a known officer.

THIS was an action of debt. The defendant, Back, plead in abatement, for defective service of the writ; the writ having been served by an authorized officer. The plaintiff replied to defendant's plea in abatement, and defendant rejoined to the replication, and to the rejoinder plaintiff demurred.

The County Court,—COLLAMER, J., presiding,—decided that the rejoinder was insufficient.

Exceptions by defendant.

Downer *v.* Back et al.

*A. P. Hunton* for defendant.

The return is not conclusive. Unless the return of a person specially authorized to serve a writ, by the authority signing it, may be denied by the defendant, he has no adequate remedy, in case of a false return by such person.

The case of known officers is different; the remedy, by suit against them for false return, is available.

Nor could the same objection hold, in case a sheriff specially authorized a person to serve a writ. *Barrett* v. *Seward*, 22 Vt. 176.

That case is put upon the ground that the sheriff is liable for the acts of his special deputy. No such liability rests upon the authority signing a writ. Nor is there a bond, as in case of the sheriff.

It is enough for all practical purposes, to hold that the return is *prima facie* evidence of what it contains.

*W. C. French* for plaintiff.

The return of the officer is conclusive between the parties, in the particular action. Washburn's Dig. 334.

An authorized officer has all the powers of a regular officer, except that he is not recognized as a known officer. Comp. Stat. 242, § 7 and 8. *Baxter et al.* v. *Wilkinson et al.*, 18 Vt. 186.

The opinion of the court was delivered by

REDFIELD, CH. J. · We are called upon, in this case, to determine how far the return of an indifferent person upon *mesne* process, which is directed to him, to serve and return, by the authority issuing the same, is liable to impeachment and contradiction, by way of plea, in the same suit. It is well settled, that this will not be allowed, in this state, in the case of regular public officers, who serve process. *Hawks* v. *Baldwin*, Bray. 85. *Hathaway* v. *Phelps*, 2 Aik. 584, and many other cases. This rule is chiefly one of policy, to prevent the necessity of trying, in one case, numerous collateral issues. It gives the court, when there is no appearance, the same basis for jurisdiction, which is had when there is an appearance.

And although there may be some reasons, why courts should more hesitate to give the same force to the return of an indifferent person which they would to a known officer, yet the leading one of

convenience and policy is the same in each. And the statute having provided this mode of service, and given the same general powers to such special officer, as to any other, we think it better to give their returns the same force and effect.

Judgment affirmed.